1   Michael Louis Kelly - State Bar No. 82063
    mlk@kirtlandpackard.com
2   Behram V. Parekh - State Bar No. 180361
    bvp@kirtlandpackard.com
3   Heather M. Peterson - State Bar No. 261303
    hmp@kirtlandpackard.com
4   KIRTLAND & PACKARD LLP
    2041 Rosecrans Avenue
5   Suite 300
    El Segundo, California  90245
6   Telephone: (310) 536-1000
    Facsimile: (310) 536-1001
7
    *Counsel for Plaintiff and all*
8   *others similarly situated*

9                  UNITED STATES DISTRICT COURT

10            SOUTHERN  DISTRICT OF CALIFORNIA

11   ANDREW VELASCO, on behalf of          )   Case No.  '12CV1057 L      DHB
     himself and all others similarly situated, )
12                                          )   **CLASS ACTION**
                   Plaintiffs,             )   **COMPLAINT FOR:**
13                                          )
                   v.                      )   **1. VIOLATION OF THE FALSE**
14                                          )   **ADVERTISING LAWS ("FAL");**
     GASPARI NUTRITION, INC., a New        )   **Bus. & Prof. Code §17500 et seq.;**
15   Jersey Corporation, and DOES 1-10,    )
     inclusive,                            )   **2.  VIOLATION OF CALIFORNIA'S**
16                                          )   **UNFAIR COMPETITION LAWS**
                   Defendants.             )   **("UCL"); Bus. & Prof. Code §17200**
17                                          )   **et seq.;**
                                            )
18                                          )   **3. VIOLATION OF CALIFORNIA'S**
                                            )   **CONSUMER LEGAL REMEDIES**
19                                          )   **ACT ("CLRA"), Civil Code §1750 et**
                                            )   **seq.**
20                                          )
                                            )
21                                          )
                                            )   **DEMAND FOR JURY TRIAL**
22                                          )
                                            )
23                                          )
                                            )
24                                          )
25   _____

26

27

28

KIRTLAND & PACKARD LLP
LAW OFFICES

Plaintiff Andrew Velasco, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he allege upon personal knowledge:

## PARTIES

1.  Plaintiff Andrew Velasco is a resident of San Diego county, California and purchased Spirodex in San Diego county, California. Plaintiff relied on Defendant's representations regarding the efficacy and lack of warnings regarding the dangerous ingredients within Spirodex (hereafter referred to herein as "Product"), as detailed herein, and but for those representations and lack thereof, Plaintiff would not have purchased or paid as much for such Product.

2.  Defendant Gaspari Nutrition, Inc. (hereafter "Gaspari Nutrition"), is a New Jersey corporation with its principal place of business is in New Jersey. Gaspari Nutrition develops and markets Spirodex, and has sold such products in California and across the United States of America.

3.  The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4.  At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants.

LAW OFFICES
KIRTLAND & PACKARD LLP

KIRTLAND & PACKARD LLP
LAW OFFICES

## JURISDICTION AND VENUE

5.   A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

6.   This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

7.   Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

8.   Defendant manufactures, markets, and sells Spirodex as a supplement that is claimed by Defendant to "provide you with an intense feeling of mood enhancement, mental clarity and energy." The Defendant touts that Spirodex will cause "no crash or annoying 'hang over' effect." Defendant fails to warn consumers that their Product contains Dimethylamylamine, also known as DMAA, which is known to cause dangerous health effects.

9.   The form of DMAA Defendant uses in the Product is a synthetic form that is both illegal and dangerous. Defendant's advertising statements failing to mention the risks associated with this ingredient is both false and misleading to consumers.

10.  Defendant's DMAA is manufactured synthetically, and therefore unlawfully on the market as an ingredient in Defendant's Product which, because they include Defendant's DMAA, are both "adulterated" dietary supplements pursuant to the Food, Drug, and Cosmetic Act. Assuming, *arguendo*, Defendant's DMAA is not synthetically manufactured and it is instead naturally extracted from the geranium plant, Defendant's DMAA, by virtue of

1  its inclusion in its Product, makes the Product an "adulterated" dietary
2  supplement and unlawfully on the market pursuant to the Food, Drug, and
3  Cosmetic Act.

4  11.  Before marketing a Product containing DMAA, manufacturers and
5  distributors have a responsibility under the law to provide evidence of the
6  safety of its Product. Defendant has failed to do that, which made Spirodex
7  adulterated.

8  12.  Supplement manufacturers or distributors who use certain dietary ingredients
9  not marketed in a dietary supplement prior to October 15, 1994, which
10  includes DMAA, are responsible for notifying the FDA of evidence to
11  support their conclusion that their dietary supplements containing NDIs are
12  safe. Manufacturers or distributors must submit notification at least 75 days
13  before marketing its Product.

14  13.  In fact, Defendant has received a warning letter from the FDA citing the
15  company for marketing a Product for which a notification had not been
16  submitted for the use of DMAA as a New Dietary Ingredient (NDI).
17  Defendant was warned that this requirement had not been met for its
18  marketing of Spirodex.

19  14.  Gaspari Nutrition has also been advised that the FDA is not aware of
20  evidence or history of use to indicate that DMAA is safe. Under the Dietary
21  Supplement Health and Education Act of 1994 (DSHEA), manufacturers,
22  marketers and distributors of dietary supplements are responsible for ensuring
23  that they are marketing a safe product.

24  15.  DMAA is known to narrow the blood vessels and arteries, which can elevate
25  blood pressure and may lead to cardiovascular events ranging from shortness
26  of breath and tightening in the chest to heart attack.  The FDA has received
27  42 adverse event reports on products containing DMAA, some including
28

LAW OFFICES
KIRTLAND & PACKARD LLP

99003-00001  153377.01                    -4-
CLASS ACTION COMPLAINT

1   complaints of cardiac disorders, nervous system disorders, psychiatric

2   disorders, and death.

3   16.  Gaspari Nutrition has also been warned by the FDA that

4   synthetically-produced DMAA is not a "dietary ingredient" and, therefore, is

5   not eligible to be used as an active ingredient in a dietary supplement.

6   DSHEA defines a dietary ingredient as a vitamin, mineral, amino acid, herb

7   or other botanical, a dietary substance for use by man to supplement the diet,

8   or a concentrate, metabolite, constituent, extract, or combination of these

9   substances.

10  17.  Concern about the safety and legality of DMAA has spread so wide that the

11  United States military removed all products containing DMAA from their

12  Army and Air Force Exchange Service and Navy Exchange stores around the

13  world on December 3, 2011. The U.S. military was prompted to remove all

14  DMAA products from their shelves after two soldiers suffered heart attacks

15  and died earlier in 2011 during physical training. The deaths prompted the

16  U.S. to Army to launch an "ongoing safety review after recording a number of

17  other serious health effects among known and potential users of products

18  containing DMAA including kidney and liver failure, seizures, loss of

19  consciousness, heat injury and muscle breakdown during exertion, and rapid

20  heartbeat."

21  18.  Defendant's misrepresentations regarding the efficacy, safety and legality of

22  the Product was designed to, and did, lead Plaintiff and others similarly

23  situated (collectively the "Class") to believe that the Product was not only

24  effective, but legal and safe as well. Plaintiff and members of the Class relied

25  on Defendant's misrepresentations and would not have paid as much, if at all,

26  for the Product but for Defendant's misrepresentations.

27  19.  As a result of Defendant's false advertising claims, Defendant has wrongfully

28  taken millions of dollars from California and nationwide consumers.

LAW OFFICES
KIRTLAND & PACKARD LLP

20.   Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of consumers nationwide by Defendant, and to recover the funds taken by this unlawful practice.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21.   Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, as members of the class and subclasses below (referred to hereafter as the "Class") defined as follows:

California Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of California who purchased Spirodex within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

Nationwide Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of the United States of America who purchased Spirodex within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

22.   This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

23.   [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual

KIRTLAND & PACKARD LLP
LAW OFFICES

1    joinder of all of its members is impractical.  While the exact number and
2    identities of Class members are unknown to Plaintiff at this time and can only
3    be ascertained through appropriate discovery, Plaintiff is informed and
4    believes the Class includes thousands of members.  Plaintiff alleges that the
5    Class may be ascertained by the records maintained by Defendant.

6  24.   [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all
7    members of the Class which predominate over any questions affecting only
8    individual members of the Class.  These common legal and factual questions,
9    which do not vary from class member to class member, and which may be
10    determined without reference to the individual circumstances of any class
11    member, include, but are not limited to, the following:

12          (a) Whether Defendant's advertising or labeling are false or
13          misleading;

14          (b) Whether Defendant's Product contains DMAA;

15          (c) Whether DMAA is unsafe;

16          (d) Whether Defendant's conduct violates the CLRA or other laws;

17          (e) Whether Defendant's conduct is "unfair" under Bus. & Prof. Code
18          Section 17200;

19          (f) Whether, as a result of Defendant's misconduct, Plaintiff and the
20          Class are entitled to damages, restitution, equitable relief and other
21          relief, and the amount and nature of such relief.

22  25.   [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the
23    members of the Class.  Plaintiff and all members of the Class have sustained
24    injury and are facing irreparable harm arising out of Defendant's common
25    course of conduct as complained of herein.  The losses of each member of the
26    Class were caused directly by Defendant's wrongful conduct as alleged
27    herein.

28

KIRTLAND & PACKARD LLP
LAW OFFICES

26.   [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

27.   [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.   [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

29.   [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

KIRTLAND & PACKARD LLP
LAW OFFICES

30.   [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Business and Professions Code §17500

### (Violation of the False Advertising Act)

### (By Plaintiff and the Class Against All Defendants)

31.   Plaintiff hereby incorporates paragraphs 1-30 above as if set forth in full.

32.   California Business and Professions Code (the "Code") § 17500 provides that "[i]t is unlawful for any ... corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

33.   Defendant misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

34.   As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

35.   The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

//

**SECOND CAUSE OF ACTION**

**Business and Professions Code § 17200, et seq.**

**(Violation of the Unfair Competition Law)**

**(By Plaintiff and the Class Against All Defendants)**

36. Plaintiff hereby incorporates paragraphs 1-35 above as if set forth in full.

37. California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

38. The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

39. The material misrepresentations, concealment, and non-disclosures by Defendant and DOES 1-10 as part of their marketing and advertising of its Product is unlawful, unfair, and fraudulent business practices prohibited by the UCL.

40. In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.  Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

41. The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

42. Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any

LAW OFFICES
KIRTLAND & PACKARD LLP

1   countervailing benefits to consumers or to competition, and is not an injury

2   the consumers themselves could have reasonably avoided.

3   43.   Defendant's practices, as set forth above, have misled the general public in

4   the past and will mislead the general public in the future.  Consequently,

5   Defendant's practices constitute an unlawful and unfair business practice

6   within the meaning of the UCL.

7   44.   Pursuant to California Business and Professions Code § 17204, an action for

8   unfair competition may be brought by any "person . . . who has suffered

9   injury in fact and has lost money or property as a result of such unfair

10   competition."  Defendant's wrongful misrepresentations and omissions have

11   directly and seriously injured Plaintiff and the putative class by causing them

12   to pay for a product because they relied on the false and misleading marketing

13   and advertising statements of Defendant.

14   45.   The unlawful, unfair, and fraudulent business practices of Defendant are

15   ongoing and present a continuing threat that members of the public will be

16   misled into purchasing Spirodex based on the belief that it was safe when, in

17   fact, this is not the case.

18   46.   Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent

19   injunctive relief ordering Defendant to cease this unfair competition, as well

20   as disgorgement and restitution to Plaintiff and the Class of all of Defendant's

21   revenues associated with Defendant's unfair competition, or such portion of

22   those revenues as the Court may find equitable.

### THIRD CAUSE OF ACTION

### Civil Code § 1770, et seq.

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class Against All Defendants)

27   47.   Plaintiff hereby incorporates paragraphs 1-46 above as if set forth in full.

48.   The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code § 1760 et seq. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id*

49.   Plaintiff has standing to pursue this claim as Plaintiff purchased Spirodex, believing that it was safe. One of the reasons that Plaintiff purchased the Product is because he believed the Product was safe and backed by science, based on the statements and lack of disclosures or warnings by Defendant. Plaintiff relied on Defendant's advertising and have been damaged because the supplements purchased are not safe; had he known this, he would have either not bought the Product or paid less for it.

50.   Defendant's wrongful business practices constituted, and constitutes, a continuing course of conduct in violation of the California CLRA since Defendant is still representing that its Product has characteristics which are false and misleading, and have injured Plaintiff and the Class.

51.   More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, and 9 of California Civil Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in Plaintiff and Class members purchasing Defendant's Product, in violation of the CLRA. Cal. Civil Code § 1770, et seq.

52.   As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all consumers who purchased Defendant's supplement Product have

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES
KIRTLAND & PACKARD LLP

1  suffered damage and lost money in that they paid for a Product that did not

2  have the characteristics and benefits as represented.  Plaintiff seeks and is

3  entitled to an order enjoining Defendant from continuing to engage in the

4  unfair and deceptive business practices alleged herein.

5  53.   Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant

6  in writing of the particular violations of Section 1770 of the CLRA (the

7  "Notice Letter").  If Defendant fails to comply with Plaintiff's demands

8  within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of

9  the CLRA, Plaintiff will amend this Complaint to further request damages

10  under the CLRA.

## PRAYER FOR RELIEF

12  WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

13  relief and judgment as follows:

14  1.   For preliminary and permanent injunctive relief enjoining Defendant,

15  its agents, servants and employees, and all persons acting in concert with them,

16  from engaging in, and continuing to engage in, the unfair, unlawful and/or

17  fraudulent business practices alleged above and that may yet be discovered in the

18  prosecution of this action;

19  2.   For certification of the putative class;

20  3.   For restitution and disgorgement of all money or property wrongfully

21  obtained by Defendant by means of its herein-alleged unlawful, unfair, and

22  fraudulent business practices;

23  4.   For an accounting by Defendant for any and all profits derived by

24  Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct

25  and/or business practices;

26  5.   An award of statutory damages according to proof, except that no

27  damages are currently sought on Plaintiff's Cause of Action regarding the

28  Consumer Legal Remedies Act at this time;

6.     An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7.     An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8.     Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law private attorney general doctrine;

10.    For costs of suit; and

11.    For such other and further relief as the Court deems just and proper.

DATED: April 30, 2012                    KIRTLAND & PACKARD LLP

                                    By: _____
                                        MICHAEL LOUIS KELLY
                                        BEHRAM V. PAREKH
                                        HEATHER M. PETERSON
                                        *Counsel for Plaintiff and all others*
                                        *similarly situated*

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiff hereby demands a trial by jury for all causes of actions so triable.

3

DATED: April 30, 2012                    KIRTLAND & PACKARD LLP

4

5

6                                              By:

7                                              MICHAEL LOUIS KELLY
                                               BEHRAM V. PAREKH
8                                              HEATHER M. PETERSON
                                               *Counsel for Plaintiff and all others*
9                                              *similarly situated*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Andrew Velasco, declare as follows:

2    1.    I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3    personal knowledge of the facts herein and, if called as a witness, I could and would testify

4    competently thereto.

5

6    2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the

7    proper place for trial under Civil Code Section 1780(d) in that San Diego County is a county in which

8    Defendants are doing business.

9

10    I declare under penalty of perjury under the laws of the State of California that the foregoing is

11    true and correct.

12

13    _____
      Andrew Velasco

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -
DECLARATION RE VENUE